Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
23586 Calabasas Rd., Calabasas., Suite 105
Calabasas, CA 91302
Phone: 818-619-3774
tfriedman@toddflaw.com
abacon@toddflaw.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

TAVIA LAWSON, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

GLOBE LIFE INSURANCE AGENCY, INC.; DOES 1-10 Inclusive**,**

Defendant.

**Case No.:** 2:25-cv-8002

**CLASS ACTION SEEKING ~~STATEWIDE OR NATIONWIDE~~ RELIEF**

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**

**JURY TRIAL DEMANDED**

## INTRODUCTION

1. TAVIA LAWSON ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant GLOBE LIFE INSURANCE AGENCY, INC. ("Defendant"), in negligently and/or willfully contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA") and related regulations. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## JURISDICTION AND VENUE

2. Jurisdiction is proper under 28 U.S.C. § 1331 because this action arises under a federal statute, namely the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*.

3. Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this district.

## PARTIES

4. Plaintiff is, and at all times mentioned herein, was a natural individual and resident of the State of California, County of Los Angeles. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39). Plaintiff was physically in California at the time she received the alleged phone calls from Defendant.

5. Plaintiff is informed and believes, and thereon alleges, that Defendant Globe Life Insurance Agency, Inc. is a corporation organized under the laws of the State of Texas. Defendant, and all of its agents, are and at all times mentioned herein were "persons," as defined by 47 U.S.C. § 153(39). Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and in the County of Los Angeles, and within this judicial district.

## FACTUAL ALLEGATIONS

6. Beginning on or around January 2025, Plaintiff began receiving repeated, unsolicited phone calls to her personal cellular phone from Defendant or its agents regarding a so-called "Will Kit" product or service.

7. Plaintiff never requested information about a will kit, nor did she consent to be contacted about such services.

8. Plaintiff explicitly informed Defendant's callers that she did not want the service and that the calls must stop.

9. Despite Plaintiff's instructions, Defendant continued calling her cellular phone on a repeated basis.

10. Plaintiff received additional calls in early February 2025 after revoking any alleged consent to be contacted.

11. The calls originated from at least two different telephone numbers, including 626-323-8944 and 707-394-2289, which are believed to be associated with Defendant.

12. Several of the calls lasted only a few seconds or were missed entirely, suggesting the use of a predictive or automated dialing system.

13. Plaintiff did not provide Defendant with prior express written consent for these calls.

14. Plaintiff's verbal requests to stop further contact constituted revocation of any prior express consent and triggered Defendant's obligation to place her on its internal do-not-call list.

15. Defendant failed to honor Plaintiff's requests and continued to call her cellular telephone within a 12-month period.

16. Plaintiff requested that Defendant stop calling her in response to multiple of Defendant's calls, thus revoking any prior express consent that may have existed and terminating any established business relationship, as defined under 16 C.F.R. § 310.4(b)(1)(iii)(B).

17. Upon information and belief, Defendant does not maintain a written policy, available upon demand, for maintaining an internal do-not-call list as required by 47 C.F.R. § 64.1200(d)(1).

18. Plaintiff further alleges that Defendant does not train its employees who are engaged in telemarketing in the existence and use of any do-not-call list, as required by 47 C.F.R. § 64.1200(d)(2).

19. On information and belief, Defendant failed to place Plaintiff on the do-not-call list, despite her requests to no longer be contacted by Defendant. Instead, Defendant continued to contact to Plaintiff's cellular telephone, in violation of 47 C.F.R. § 64.1200(d)(3).

20. These texts by Defendant, or its agents, violated 47 U.S.C. § 227(b)(1).

## CLASS ACTION ALLEGATIONS

21. Plaintiff brings this action on behalf of herself and on behalf of and all others similarly situated, as a member of the proposed Class (hereafter, "The Class").

22. Plaintiff represents, and is a member of, the Internal Do-Not-Call Class (hereinafter "Internal DNC Class") defined as follows:

> All persons within the United States who requested that Defendant stop texting or calling them, and who, after requesting Defendant stop contacting them, received more than one call or message by or on behalf of Defendant that promoted Defendant's products or services within any twelve-month period, within four years prior to the filing of this Complaint through the date of class certification.

23. Defendant, its employees and agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

24. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the

right to expand the Class definitions to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

25. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

26. Plaintiff and members of the Internal DNC Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and Internal DNC Class members via their telephones for solicitation purposes, thereby invading the privacy of said Plaintiff and the Internal DNC Class members who had requested that Defendant stop contacting them. Plaintiff and the Internal DNC Class members were damaged thereby.

27. There is a well-defined community of interest in the questions of law and fact involved affecting the Internal DNC Class members. The questions of law and fact common to the Internal DNC Class predominate over questions which may affect individual Internal DNC Class members, including the following:

a) Whether, within the four years prior to the filing of this Complaint through the date of class certification, Defendant or their agents placed more than one telemarketing/solicitation telephone calls to Internal DNC Class members who had previously requested that Defendant stop contacting them;
b) Whether Defendant maintains proper procedures and policies on the use of do-not-call lists, as required by 47 C.F.R. § 64.1200;
c) Whether Plaintiff and the Internal DNC Class members were damaged by Defendant's conduct, and the extent of damages for such violations; and
d) Whether Defendant and their agents should be enjoined from engaging in such conduct in the future.

28. As a person that received numerous solicitation telephone calls from Defendant within a 12-month period, and who had previously requested that

Defendant stop contacting her, Plaintiff is asserting claims that are typical of the Internal DNC Class. Plaintiff will fairly and adequately represent and protect the interests of the Internal DNC Class in that Plaintiff has no interests antagonistic to any member of the Internal DNC Class.

29. Plaintiff and the members of the Class have suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class members will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual member's claims, few, if any, members of the Class could afford to seek legal redress for the wrongs complained of herein.

30. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

31. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of the Class members in individually controlling the prosecution of separate claims against Defendant are small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

32. Defendant has acted on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Classes as a whole.

## FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE
## TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227(C)
## ON BEHALF OF THE INTERNAL DNC CLASS

33. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227(c), and in particular 47 U.S.C. § 227(c)(5).

35. As a result of Defendant's negligent violations of 47 U.S.C. § 227(c), Plaintiff and the Internal DNC Class members are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

36. Plaintiff and the Internal DNC Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE
## TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227(C)
## ON BEHALF OF THE INTERNAL DNC CLASS

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227(c), and in particular 47 U.S.C. § 227(c)(5).

39. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(c), Plaintiff and the Internal DNC Class members are entitled to an

award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

40. Plaintiff and the Internal DNC Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## Prayer For Relief

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff, and members of The Classes, the following relief against Defendant:

### First Cause of Action for Negligent Violation of the TCPA, 47 U.S.C. § 227(c)

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(c)(5), Plaintiff seeks for herself and each Internal DNC Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B).
- Pursuant to 47 U.S.C. § 227(c)(5)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

### Second Cause of Action for Knowing and/or Willful Violation of the TCPA, 47 U.S.C. § 227(c)

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(c)(5), Plaintiff seeks for herself and each Internal DNC Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B) and 47 U.S.C. § 227(c)(5)(C).
- Pursuant to 47 U.S.C. § 227(c)(5)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

## Trial By Jury

41. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: August 25, 2025 Respectfully submitted,

**THE LAW OFFICES OF TODD M. FRIEDMAN, P.C.**

By: /s/ Todd M. Friedman
TODD M. FRIEDMAN, ESQ.
ATTORNEY FOR PLAINTIFF